| STATE OF NORTH CAROLINA | File No. 18 CVS 2890 |
|---|---|
| ROWAN County | In The General Court of Justice<br>☐ District ☒ Superior Court Division |

| Name of Plaintiff<br>DENNIS F. JOHNSON | **CIVIL SUMMONS** |
|---|---|
| Address | |
| City, State, Zip | ☐ Alias and Pluries Summons |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| Name of Defendant(s)<br>SUN PET, LTD., and CENTRAL GARDEN & PET COMPANY | Date Original Summons Issued |
| | Date(s) Subsequent Summon(es) Issued |

**To Each of The Defendant(s) Named Below:**

| Name And Address of Defendant 1<br>SUN PET, LTD.<br>c/o Corporation Service Company, Registered Agent<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608 | Name And Address of Defendant 2<br>CENTRAL GARDEN & PET COMPANY<br>c/o Corporation Service Company, Registered Agent<br>251 Little Falls Drive<br>Wilmington, DE 19808 |
|---|---|

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)<br>Clark D. Tew<br>113 N. Center St., Ste 200<br>Post Office Box 1776<br>Statesville, NC 28687 | Date Issued<br>12-14-18 | Time<br>1:17 | ☐ AM ☒ PM |
|---|---|---|---|
| | Signature<br>_L. Overcash_ | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk of Superior Court |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk of Superior Court |

**NOTE TO PARTIES:** Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts
(Over)

**EXHIBIT A**

| | | | | **RETURN OF SERVICE** | | |
|---|---|---|---|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative of the Courts

| | |
|---|---|
| **NORTH CAROLINA** | **IN THE GENERAL COURT OF JUSTICE** <br> **SUPERIOR COURT DIVISION** <br> **18-CVS-2890** |
| **COUNTY OF ROWAN** | |
| **DENNIS F. JOHNSON,** <br><br> Plaintiff <br><br> vs. <br><br> **SUN PET, LTD., and CENTRAL GARDEN & PET COMPANY,** <br><br> Defendants. | **COMPLAINT** <br> (Jury Trial Demanded) |

FILED 2018 DEC 14 P 1:17 ROWAN CO., C.S.C BY Do

COMES NOW the Plaintiff, Dennis F. Johnson, by and through the undersigned counsel, who does allege and say of the Defendants, Sun Pet, Ltd. And Central Garden & Pet Company, as follows:

## PARTIES

1. Plaintiff Dennis F. Johnson (hereinafter, "Johnson") is an individual and resident of Kannapolis, Rowan County, North Carolina, and was employed by Defendant within the State of North Carolina.

2. Defendant Sun Pet, Ltd. (hereinafter, "Sun Pet") is an entity formed and existing under the laws of the State of Delaware, with a principal location in Atlanta, Georgia. In North Carolina, Sun Pet operates one or more offices and/or distribution centers, including one in the Charlotte Metropolitan area, at which Johnson was primarily employed.

3. Defendant Central Garden & Pet Company (hereinafter, "Central") is a corporation company formed and operating under the laws of the State of Delaware. Sun Pet is, upon information and belief, a wholly-owned subsidiary of Central, and/or Central is the successor entity to

1

Sun Pet after an acquisition during or about 2017. Central has a principal office in Walnut Creek, Contra Costa County, California. Plaintiff believes Central to be the successor entity to Sun Pet because, during the pendency of Johnson's EEOC and NCDOL administrative charges, Central's General Counsel, George Yuhas, provided the active defense for Sun Pet, and was the exclusive representative of the Defendants communicating with Johnson through the undersigned. At all times during and after any transition during which Central became Sun Pet's successor, Central was fully aware of the circumstances of Johnson's complaints and situation described herein.

4. Sun Pet and Central collectively transact business in the State of North Carolina as "Sun Pet" (or some variations of that name), and Defendants operate a trucking and transportation enterprise secondary to their primary lines of business that operates throughout the State of North Carolina, and utilizing the state's road networks for the purposes of moving their products.

## JURISDICTION AND VENUE

5. The North Carolina General Court of Justice has personal jurisdiction over all named Defendants.

6. The North Carolina General Courts of Justice have subject matter jurisdiction over this action. In addition to its state law claims, this Court has jurisdiction over claims under Federal anti-discrimination and civil rights statutes, including the Americans with Disabilities Act of 1990, which is a secondary claim subordinate to Plaintiff's state-law claims for retaliation. *See* Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820 (1990).

7. Upon information and belief, the Superior Court Division of the North Carolina General Court of Justice in operation in Rowan County, North Carolina is the sole appropriate and proper forum for this action, as said county is the county in which Plaintiff resides and in which he was employed by Defendants.

## FACTS

2

## Background of the Suit

8. Johnson was employed by one and/or both Defendants and/or their predecessors in interest since May 2017. The Defendants exercised control over Johnson's schedule, and set the terms and conditions of his pay and the requirements for his job performance.

9. Johnson served as a Driver, and was based out of Kannapolis, Rowan County, North Carolina. From that location, he drove trucks of varying sizes for varying distances for the Defendants, carrying the Defendants' products – including live animals and various pet supplies – to destinations within and without North Carolina as directed by his supervisors.

10. At all times related to this claim, Johnson was suffering from Stage 4 decompensated cirrhosis and Stage 3 hepatic encephalopathy, which caused limitations in one or more major life activities, such as thinking and comprehension, and the normal functioning of his liver (Mr. Johnson's "Disability"). At all times, the Defendants were aware of this Disability condition.

11. Johnson was under doctor's orders to work under certain conditions due to his Disability, including that he was not to operate vehicles at night. Additionally, given his condition, the Defendants' own trainer had advised that Johnson not operate the Defendants' larger-sized trucks, which Johnson agreed was a reasonable precaution and accommodation.

12. Additionally, Johnson had suffered from a prior vehicle accident, and was still not released by his doctor to full duty. The Defendants were fully aware of these restrictions.

13. Johnson was at all times related hereto performing his job to the reasonable expectations of his employer.

14. On August 26, 2017, the Defendants, by and through Johnson's manager, Mike Loftis, demanded that Johnson operate a large truck driving from Kannapolis to Virginia. Johnson lodged a complaint with the Defendants that he believed the operation of this vehicle would violate both of the

3

accommodations he had asked for, including requiring him to operate a large vehicle and to do so at night, but his Employer left him no choice but to comply or lose his position.

15. Immediately after leaving the Defendants' location in Kannapolis, North Carolina, Johnson's supervisor told another employee that Johnson "wouldn't make it to Virginia", and claimed that Johnson would probably wreck his truck before he got there.

16. On August 27, 2017, while operating the Defendants' truck in Vance County, North Carolina, Johnson was involved in a traffic accident, causing him physical injury.

17. Johnson immediately contacted the Defendants, pursuant to their policy, and notified them that he had suffered an injury while operating their truck in the course of his employment. Johnson subsequently made a workers' compensation claim with his employer.

18. Immediately after informing the Defendant of his injuries in the course of his employment, the Defendants, by and through Johnson's supervisor, informed Johnson that he was being terminated, effective immediately. To add insult to injury, Johnson was left stranded in Vance County, North Carolina, more than 100 miles from his home in Kannapolis, and was forced to obtain medical care with no assistance from his employer.

19. Johnson's termination was solely because of his reporting of an injury suffered on the job and implicitly or explicitly threatened workers' compensation claim, as well as his concerns expressed because of his disability condition and the employer's refusal to accommodate his disability.

20. Upon information and belief, Defendants' termination of Johnson did not conform with their usual disciplinary practices. Subsequently, the Defendants' Human Resources Manager fabricated a basis for Johnson's termination by filing a falsified and perjured form with the Georgia Department of Labor stating that Johnson had "quit due to personal reasons."

21. Upon information and belief, Defendants terminated Johnson solely as punishment for Johnson's imminent workers' compensation claim, and because of their concerns about Johnson's disability and his requests for accommodations therefor.

22. Johnson filed a complaint form against Defendants with the North Carolina Department of Labor, Employment Discrimination Bureau, which form was received by that organization within 180 days of his termination, and assigned a file number of #46004. A true and accurate copy of that REDA complaint is attached hereto as "Exhibit A."

23. On September 17, 2018, the North Carolina Department of Labor, Employment Discrimination Bureau, issued a right-to-sue letter to Johnson for the matter complained of in the complaint form. A true and accurate copy of that right-to-sue letter is attached hereto as "Exhibit B."

24. On February 20, 2018, Johnson filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission complaining of discrimination based upon his disability (including, but not limited to, denial of a reasonable accommodation), and retaliation because of requesting a reasonable accommodation. A true and accurate copy of that EEOC charge is attached hereto as "Exhibit C."

25. On October 23, 2018, Acting Director Thomas M. Colclough of the United States Equal Employment Opportunity Commission issued to Johnson a Notice of Right to Sue at Johnosn's request, a true and accurate copy of which is attached hereto as "Exhibit D."

## FIRST CAUSE OF ACTION
## NC REDA VIOLATION

26. The Plaintiff hereby incorporates by reference paragraphs 1 through 25 as if stated fully herein.

27. Johnson was injured on the job, and reported that to his employer promptly as required by North Carolina's workers' compensation laws. Additionally, Johnson made known his intent, explicitly and implicitly, to exercise his rights under North Carolina General Statute § 95-

5

241(a), *inter alia*, by filing complaints and claims for workers' compensation coverage for one or more injuries she sustained on the job, and by engaging in the litigation of those claims.

28. Johnson suffered an adverse employment action, in that he was immediately terminated by Defendants after reporting his injury and making his intended course of action known.

29. Defendants' termination of Johnson was done because Johnson actually exercised his rights under North Carolina General Statute § 95-241(a). *inter alia*, or at the very least had expressed an intent to do so, and the Defendants' actions served the purpose of penalizing him for that.

30. Johnson has been damaged by Defendants' actions in an amount exceeding $25,000.00, to be proven at trial with more specificity.

31. Defendants' actions were in willful violation of the North Carolina Retaliatory Employment Discrimination Act.

## SECOND CAUSE OF ACTION
## WRONGFUL DISCHARGE

32. The Plaintiff hereby incorporates by reference paragraphs 1 through 31 as if stated fully herein.

33. One or both Defendants employed Johnson until his termination on August 27, 2018.

34. Johnson was terminated due to his having engaged in a legally-protected activity as described herein.

35. Defendants' termination of Johnson was and is in violation of public policy as expressed by North Carolina General Statute § 95-241(a).

36. Johnson has been damaged by Defendants' actions in an amount exceeding $25,000.00, to be proven with more specificity at trial. The Defendant's actions as alleged in this Amended Complaint were willful and wanton, were in reckless disregard of the Plaintiff's rights, and the Plaintiff is entitled to recover punitive damages against the Defendant pursuant to N.C. Gen. Stat. §1D-15.

6

## THIRD CAUSE OF ACTION
## ADA DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION

37. The allegations contained in Paragraphs 1 through 36 are are incorporated in this Cause of Action.

38. The Plaintiff is a qualified individual with a disability under the meaning of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq.* (the "ADA").

39. The Defendants have discriminated against the Plaintiff on the basis of his disability, and the Defendants' actions against the Plaintiff as alleged in this Complaint were discriminatory and in violation of the ADA. The discriminatory actions of the Defendants, include, but are not limited to the following:

   a. Treating the Plaintiff less favorably as a result of his medical conditions;
   b. Refusing and failing to provide a reasonable accommodation to the Plaintiff;
   c. Knowingly placing the Plaintiff in harm's way because of their refusal to reasonably accommodate the Plaintiff; and
   d. Terminating the Plaintiff from employment.

40. The Defendants further retaliated against the Plaintiff for requesting a reasonable accommodation.

41. As a direct and proximate result of the Defendants' violation of its duties under the ADA, the Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages in excess of $25,000.

42. The Defendant's unlawful conduct constitutes a knowing, malicious, willful and wanton violation of the ADA, entitling the Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION

7

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

43. The allegations contained in Paragraphs 1 through 42 are incorporated in this Cause of Action.

44. At all times relevant to this Complaint, the Plaintiff was an employee of the Defendants.

45. At all times relevant to this Complaint, the Plaintiff had a qualified medical disability, of which the Defendants had actual notice.

46. It is the public policy of North Carolina, as codified in N.C. Gen. Stat. §143-422.1 *et. seq.* that all employees have a right to seek, obtain, and hold employment free from discrimination on the basis of handicap or disability.

47. During her employment with Defendants, the Plaintiff engaged in a legally protected activity and requested a reasonable accommodation from the Defendants.

48. The Plaintiff was demoted, given a pay cut, and terminated from employment for discriminatory reasons that violate North Carolina's public policy.

49. As a result, the Plaintiff has been damaged in an amount in excess of $25,000.

50. The Defendant's actions as alleged in this Amended Complaint were willful and wanton, were in reckless disregard of the Plaintiff's rights, and the Plaintiff is entitled to recover punitive damages against the Defendant pursuant to N.C. Gen. Stat. §1D-15.

## PRAYER FOR RELIEF

NOW WHEREFORE the Plaintiff does pray the Court as follows:

1. That the Plaintiff have and recover a judgment against Defendants an amount to exceed $25,000.00, to be proven more specifically at the time of trial, which judgment shall include lost wages, lost benefits, and economic and compensatory damages as allowed by law.

2. That the Plaintiff have and receive declaratory judgment in his favor pursuant to N.C. Gen Stat. § 1-253, *et seq.*, holding that the actions of the Defendants were in violation of public policy and/or the Retaliatory Employment Discrimination Act.

3. That an award of damages against Defendants be trebled pursuant to the provisions of N.C. Gen. Stat. § 95-243(c), *inter alia*. In the alternative, the Plaintiff seeks punitive damages for the Defendants willful and wanton disregard of the Plaintiff's rights pursuant to N.C. Gen. Stat. §1D-15.

4. That Defendants be ordered to pay the expenses incurred by Plaintiff in prosecuting this action, including reasonable attorneys' fees under the ADA or NCREDA;

5. That all issues so triable be tried by jury;

6. That the costs of this action be taxed against the Defendants;

7. For such further and other relief as the Court deems just, fitting, and proper.

This the 13th day of December, 2018.

                                        Pope McMillan, P.A.
                                        Attorneys for the Plaintiff

By: _/s/ Clark D. Tew_
                          Clark D. Tew
                          N.C. State Bar No. 41632
                          P.O. Drawer 1776
                          Statesville, NC 28687
                          (704) 873-2131
                          ctew@popemcmillan.com

NORTH CAROLINA

**VERIFICATION**

ROWAN COUNTY

DENNIS F. JOHNSON, first being duly sworn, deposes and says:

That he is the Plaintiff in the foregoing action; that he has read the COMPLAINT and knows the contents thereof; that the same is true of his own knowledge, except as to those matters and things stated therein upon information and belief, and as to those, he believes them to be true.

_____
DENNIS F. JOHNSON

STATE OF NORTH CAROLINA

COUNTY OF ROWAN

I, Heather N Watkins, a Notary Public in and for the State of North Carolina, do hereby certify that DENNIS F. JOHNSON personally appeared before me this day and acknowledged the due execution of the foregoing Verification for the intents and purposes therein expressed.

Witness my hand and notarial seal this 13 day of December, 2018

_____
Heather N Watkins
Notary Public

My Commission Expires: July 6, 2021

[Notary Seal: HEATHER N WATKINS, NOTARY PUBLIC, CABARRUS COUNTY, NC]





FOR NCDOL USE ONLY

FILE #

# EMPLOYMENT DISCRIMINATION COMPLAINT FORM

**INSTRUCTIONS:** USE BLACK INK OR TYPE. SIGN AND DATE THE FORM. RETURN THE COMPLETED FORM BY MAIL TO:

NC DEPARTMENT OF LABOR, EDB, 1101 MAIL SERVICE CENTER, RALEIGH, NORTH CAROLINA 27699-1101.

IF SENT BY FACSIMILE [FAX] TO (919) 807-2824, THE <u>ORIGINAL SIGNED FORM</u> MUST BE RECEIVED WITHIN <u>TEN (10) DAYS</u>.

NEED HELP OR HAVE QUESTIONS? - CALL (919) 807-2823 OR (800) 625-2267 - ASK FOR THE <u>INFORMATION OFFICER</u>.

## PERSON MAKING THIS COMPLAINT: (COMPLAINANT)

IF YOUR ADDRESS OR TELEPHONE NUMBER CHANGES, IT IS YOUR RESPONSIBILITY TO NOTIFY THIS OFFICE.
IF YOU CAN NOT BE CONTACTED, THIS COMPLAINT WILL BE DISMISSED.

**1 FULL NAME** Mr. / Mrs. / Ms. Johnson  Dennis  F
Last / First / Middle Initial

**2 ADDRESS:**
1524 Plaza Avenue
Street Number / Apt. No. / Street Name
Kannapolis / NC / 28081 / Cabarrus
City / State / Zip Code / County

**3 TELEPHONE NUMBER(S) AND E-MAIL ADDRESS:**
HOME PHONE: (704) 918-7953
WORK PHONE: ( )
OTHER / CELL PHONE: (704) 701-5213
Best time to call: X a.m. X p.m.
Contact you at work? ☐ YES ☐ NO
Whose number is this? My cell.
E-MAIL ADDRESS:

## THIS COMPLAINT IS BEING MADE AGAINST: (RESPONDENT)

NOTE: THE PERSON OR BUSINESS NAMED BELOW WILL RECEIVE A COPY OF THIS FORM.

**4a NAME OF BUSINESS OR PERSON (ONLY ONE NAME PER FORM):**
Sun Pet Ltd.

**5 Estimated Number of Employees:** 500+

**4b ADDRESS WHERE DISCRIMINATION OR RETALIATION OCCURRED:**
3765 Zip Industrial Blvd.
Atlanta / GA / 30354 / (unknown)
City / State / Zip Code / County

**6 NAME AND TITLE OF HUMAN RESOURCE or MANAGEMENT OFFICIAL**
Terra Laws

**7 TELEPHONE NUMBER** (404) 761-7260

**8 ADDRESS OF HUMAN RESOURCE or MANAGEMENT OFFICIAL** [IF DIFFERENT THAN THE ADDRESS IN # 4b, ABOVE]

**9 TYPE OF BUSINESS/COMPANY** (Example: Factory, Mill, Department Store, Restaurant, Etc.)
Pet/Pet Supply Distributor

**10 IDENTIFY PRINCIPAL PRODUCT OR SERVICE AT YOUR WORK LOCATION** (What Does The Employer Make Or Do?):
Shipping of exotic pets and pet supplies



**EMPLOYMENT DISCRIMINATION COMPLAINT FORM**

NOTE: PLEASE FOLLOW INSTRUCTIONS ON THE BACK OF THE LETTER ACCOMPANYING THIS FORM. PROVIDE **ONLY BRIEF** RESPONSES TO THE QUESTIONS BELOW. IF MORE INFORMATION IS REQUIRED, YOU WILL BE CONTACTED.

**11 a** WHAT EMPLOYMENT ACTION WAS TAKEN AGAINST YOU BY YOUR EMPLOYER?
(EXAMPLES: *"I WAS FIRED."*; OR *"I WAS DEMOTED."*; OR *"MY PAY WAS REDUCED."*; OR *"MY SHIFT WAS CHANGED."*)

I was fired.

**11 b** WHAT WAS THE **EXACT DATE** OF THE DISCRIMINATION OR RETALIATORY EMPLOYMENT ACTION TAKEN AGAINST YOU?

08 / 27 / 2017    THIS COMPLAINT FORM MUST BE RECEIVED BY THE DEPARTMENT OF
MONTH  DAY  YEAR    LABOR NO LATER THAN **180 DAYS** FROM THE DATE IN THIS BLOCK.

**12** WHY DO YOU THINK YOUR EMPLOYER TOOK THIS EMPLOYMENT ACTION AGAINST YOU?
(GIVE A SHORT STATEMENT SUCH AS: *"BECAUSE I ASKED ABOUT OR FILED A WORKERS' COMPENSATION CLAIM."*; OR *"BECAUSE I COMPLAINED OR FILED A COMPLAINT ABOUT MY WAGES."*; OR *"BECAUSE I COMPLAINED OR FILED A COMPLAINT ABOUT A SAFETY OR HEALTH ISSUE"*., ETC")

Because I was involved in an accident at work, suffered injuries, and asked about/intended to participate in a worker's compensation claim. Additionally, I complained about a safety issue, namely operation of a truck in excess of my disability-related work restrictions.

**13** IF YOUR COMPLAINT INVOLVES AN **INJURY OR ILLNESS**, WAS IT A **WORK-RELATED** INJURY OR ILLNESS?

☐ NO

☒ YES - IF "YES", WHAT DATE DID YOU BECOME ILL OR GET INJURED? 08 / 27 / 2017
                                                                 Month  Day  Year

**14** IF YOU WERE **FIRED** BY YOUR EMPLOYER, HAVE YOU **STARTED ANOTHER JOB**?

☐ N/A - I WAS NOT FIRED.

☒ NO - I HAVE NOT STARTED A NEW JOB.

☐ YES - IF "YES", ON WHAT DATE DID YOU BEGIN YOUR NEXT JOB? ___/___/___
                                                            Month Day Year

**15** **DECLARATION:**    *"THE INFORMATION I HAVE PROVIDED IN THIS COMPLAINT IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF."*

NAME (PRINT OR TYPE): Dennis F. Johnson

SIGNATURE & DATE (REQUIRED): _[signature]_    2 / 19 / 2018
                                              Month Day Year

COMPLAINT FORMS RECEIVED WITHOUT A SIGNATURE AND DATE WILL NOT BE PROCESSED

**16** **MEDICAL RELEASE** (for WORKERS' COMPENSATION related complaints ONLY):

*"I AUTHORIZE THE RELEASE OF ANY MEDICAL RECORDS THAT THE NCDOL DEEMS NECESSARY TO INVESTIGATE MY COMPLAINT. A COPY OF THIS RELEASE SHALL SERVE AS AN ORIGINAL."*

NAME (PRINT OR TYPE): Dennis F. Johnson    DATE OF BIRTH 08 / 28 / 1969
                                                         Month Day Year

SIGNATURE & DATE (REQUIRED): _[signature]_    DATE 2 / 19 / 2018
                                                   Month Day Year

MEDICAL RELEASE RECEIVED WITHOUT A SIGNATURE OR DATES MAY DELAY THE INVESTIGATION.




**CHERIE K. BERRY**
Commissioner of Labor

Harriet S. Hopkins
Deputy Administrator
Employment Discrimination Bureau

9/17/2018

By Certified Mail
7017 3040 0000 3542 2707

Dennis Johnson
1524 Plaza Ave.
Kannapolis, NC 28081

    Re: Dennis Johnson v. Sun Pet, Ltd.
    File No: 46004

Dear Dennis Johnson:

The Bureau has received your request that the Bureau issue you a right-to-sue letter regarding the above-referenced complaint. You request meets the requirements set forth in the Retaliatory Employment Discrimination Act (REDA), N.C. Gen. Stat. §95-242(c).

**THIS IS YOUR 90-DAY RIGHT-TO-SUE LETTER.** Pursuant to N.C. Gen. Stat. §95-243, if you intend to pursue a lawsuit, you must file a civil action in superior court within ninety (90) days of the date of this letter. If you fail to file a civil action within this time, your right to sue the Respondent under the provisions of REDA is lost.

If you wish to seek legal advice regarding the requirements for filing a civil action, you may want to consult with an attorney or the NC Lawyer Referral Service at the NC Bar Association at 1-800-662-7660 may be able to refer you to an attorney.

With the issuance of this 90-Day Right-to-Sue letter, your complaint file is now closed and the Bureau will take no further action on your case. If you have questions, feel free to contact me at the number below. A copy of this letter has been sent to Respondent.

Sincerely,

Jay Cronley
Discrimination Investigator
/Complainant RTS letter-requested

cc: Respondent

1101 Mail Service Center • Raleigh • NC • 27699-1101
Office: 919-707-7941 • Fax: 888-533-0886 • Jay.Cronley@labor.nc.gov

Case 1:19-cv-00086-WO-LPA   Document 1-1   Filed 01/16/19   Page 15 of 18



EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 430-2018-01268 |

_____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Dennis F. Johnson | (704) 918-7953 | 8/28/1969 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1524 Plaza Avenue | Kannapolis, NC 28081 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Sun Pet Ltd. | 500+ | (404) 761-7260 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3765 Zip Industrial Blvd. | Atlanta, GA 30354 |

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08/26/2017   Latest: 08/27/2017
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was employed with the above company as a truck driver during August 2017. I suffer from one or more disability conditions, namely Stage 4 decompensated cirrhosis and Stage 3 hepatic encephalopathy, that cause and still substantially limit one or more major life activities, such as thinking and comprehension, and the normal functioning of my liver.

II. My employer was fully aware of my disability conditions, knew that I was under doctor's orders to work under certain disability-related restrictions; one such restriction was that I was not to operate vehicles at night, and the employer's trainer advised that I be restricted from driving larger-sized trucks, which I believed was a reasonable accommodation. At all times I was qualified to perform the essential functions of my job, and was performing up to the reasonable expectations of my employer.

III. On or about August 26, 2017, my employer asked me to operate a large truck driving to Virginia from Kannapolis. I reminded my employer that the operation of this vehicle was in excess of my disability-related restrictions, including my restriction against driving at night. Additionally, I had a prior accident and had not yet been released by my doctor to full duty. I had no choice but to comply, but I made it clear that I did not believe I could drive the truck due to my medical conditions. On August 27, 2017, while operating the truck in Vance County, North Carolina, I was involved in an accident with the truck. I was severely injured in the accident, and immediately reported the accident and my injuries to my employer.

IV. On August 27, 2017, immediately after reporting my accident and injuries, I was notified that I was being terminated effective immediately. I was left stranded in Vance County, North Carolina, and was forced to find my own way home and obtain medical care with no assistance from my employer.

V. Right after I left Kannapolis to go to Virginia, my supervisor told another employee that "[I] wouldn't make it to Virginia", and claimed that I would probably wreck my truck before I got there.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2-19-2018   [signature]
Date   Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

RECEIVED FEB 20 2018 Charlotte District Office EEOC Charlotte, NC

PLAINTIFF'S EXHIBIT C

| EEOC Form 5 (11/09) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☐ EEOC | Agency(ies) Charge No(s):<br>**430-2018-01268** | and EEOC |

*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

VI. I believe that I have been treated differently than similarly-situated non-disabled employees. I believe I have been discriminated against based on my disability in violation of the Americans with Disabilities Act of 1990, as amended, and in retaliation for engaging one or more protected activities under that Act, namely the request for a reasonable accommodations.

RECEIVED DIRECTOR
FEB 2 0 2018
Charlotte District Office
EEOC
Charlotte, NC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2-19-2018 /s/
Date    Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

**PLAINTIFF'S EXHIBIT D**

| To: | Dennis F. Johnson<br>1524 Plaza Avenue<br>Kannapolis, NC 28081 | From: | Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2018-01268 | Philippe G. Felsenhardt, Investigator | (704) 954-6452 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_ delegated for    10-23-18

Thomas M. Colclough, Acting Director    (Date Mailed)

Enclosures(s)

cc:
George Yuhas
General Counsel
SUN PET LTD.
1340 Treat Blvd
Walnut Creek, CA 94597

Clark D. Tew, Esq.
Pope McMillan, P.A.
113 N Center St
Ste. 200
Statesville, NC 28677